**OFFICE OF THE FEDERAL PUBLIC DEFENDER**
**DISTRICT OF MARYLAND**
NORTHERN DIVISION
TOWER II, 9TH FLOOR
100 SOUTH CHARLES STREET
BALTIMORE, MARYLAND 21201-2705
TEL:  (410) 962-3962
FAX:  (410) 962-0872
TOLL FREE: (855) 213-8450

JAMES WYDA                                                                                          DEBORAH L. BOARDMAN
FEDERAL PUBLIC DEFENDER                                                      FIRST ASSISTANT FEDERAL DEFENDER

October 28, 2016

The Honorable Richard D. Bennett
United States District Court
  for the District of Maryland
101 West Lombard Street
Baltimore, Maryland 21201

>    Re:  <u>United States v. Harold T. Martin</u>
>         Crim. No. BPG-16-2254

Dear Judge Bennett:

We write in brief reply to the government's October 27, 2016, response to Mr. Martin's motion for review of the detention order (ECF 28).

The government continues to concede, as it must, that it may not seek to detain Mr. Martin based on danger to the community. The parties are, therefore, in agreement that the sole consideration for the Court in deciding whether to detain is if there is a "serious risk" that Mr. Martin will fail to appear for required court dates.

Nonetheless, the government presses forward with a danger argument and urges the Court to use dangerousness as a basis for detention.  <u>See</u> ECF 28 at 3, 6-8. Factually and legally, the government is incorrect. Mr. Martin is not a danger to the community, and danger cannot be used as a basis for detention. Danger to the community can be considered "<u>only in setting conditions of release</u>."  <u>United States v. Himler</u>, 797 F.2d 156, 160 (3d Cir. 1986) (emphasis added).  <u>See also</u> <u>United States v. Friedman</u>, 837 F.2d 48, 49-50 (2d Cir. 1988) (per curiam) (vacating an order of detention where the government could seek to detain based on a serious risk of flight or obstruction but the magistrate's order was based on the conclusion that no release conditions would assure community safety); <u>United States v. Ploof</u>, 851 F.2d 7, 11 (1st Cir. 1988) (evidence of defendant's plans to kill someone did not justify detention when charged offenses involved white-collar crimes not covered by section 3142(f)). The Court cannot rely on dangerousness as a basis to detain Mr. Martin.

None of the government's cases holds to the contrary. In fact, every case cited by the government actually supports our position and confirms that the Court may not consider dangerousness when risk of flight is the only possible basis for detention. In <u>United States v. Stanford</u>, 341 F. App'x 979 (5th Cir. 2009) (per curiam), the government could seek detention based solely on risk of flight, and "neither party argue[d] that the fourth § 3142(g) factor, 'the

The Honorable Richard D. Bennett
United States v. Harold T. Martin, BPG-16-2254
October 28, 2016
Page 2

nature and seriousness of the danger to any person or the community that would be posed by the person's release,' [was] applicable to [the defendant]." Id. at 983. Likewise, in United States v. Stewart, 19 F. App'x 46 (4th Cir. 2001) (per curiam), where the government could seek to detain the defendant based only on risk of flight, all of the factors considered by the district court were relevant to risk of flight, not dangerousness. Id. at 49. In United States v. Begay, 315 F. App'x 53 (10th Cir. 2009) (per curiam), the government was permitted to seek detention based on dangerousness because the defendant was charged with a "crime of violence" against a minor victim. A review of the government's cases makes clear that dangerousness cannot be a basis for detention when the only ground for detention is risk of flight.

The appellate decisions in this area are limited. The Third Circuit's opinion in Himler is the most articulate, thoughtful decision that interprets the Bail Reform Act logically and gives effect to the statutory language of 3142(f)(1), which enumerates the five types of cases on which detention based on danger may be sought. However, there appear to be a couple of cases whose dicta language suggests that the Court may consider dangerousness under 3142(g)(4) even if the government cannot seek detention based on danger. See, e.g., United States v. Rodriguez, 950 F.2d 85 (2d Cir. 1991); United States v. Quartermaine, 913 F.2d 910 (11th Cir. 1990). The Court should not be misled. In Rodriguez and Quatermaine, the government could seek detention based on danger, and as a result, the appellate courts permitted consideration of evidence of dangerousness untethered to the defendants' charges in deciding whether to order detention. Here, the government cannot seek detention based on danger, and dangerousness, whether tethered to the alleged crime or not, cannot be a basis for detention.

For the reasons that will be discussed at this morning's hearing, Mr. Martin does not pose a "serious risk" of flight, and any concerns about flight or dangerousness can be addressed with conditions of release.

We thank the Court for its attention to this matter.

                                  Respectfully,

                                  /s/

                                James Wyda
                                Deborah L. Boardman
                                Office of the Federal Public Defender

cc:     Zachary Myers, AUSA