## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA    *

      v.                    *      **CRIMINAL NO. MJG-17-0069**

HAROLD T. MARTIN, III      *

       Defendant.       *

                    *******

## CONSENT MOTION FOR CONTINUANCE AND EXCLUSION OF TIME
## PURSUANT TO 18 U.S.C. § 3161(h)(7)

The United States of America, by and through its attorneys, hereby submits this consent motion for an exclusion of time under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7), in the above-captioned matter, and in support thereof submit the following:

1.      On February 8, 2017, a federal grand jury in the District of Maryland returned an indictment charging the defendant with twenty counts of willful retention of national defense information, in violation of 21 U.S.C. § 793(e). The Defendant had his initial appearance and arraignment on February 14, 2017. The Defendant is detained pending trial.

2.      On March 6, 2017, the government filed a Motion for Pretrial Conference Pursuant to Classified Information Procedures Act (the government's "CIPA Section 2 Motion"). *See* ECF 41.

3.      On March 13, 2017, the Court granted, in part, the government's CIPA Section 2 Motion, and held a preliminary pretrial conference with counsel of record. *See* ECF 45.

4.      On March 31, 2017, the government filed a consent motion for a protective order governing unclassified discovery, *see* ECF 48, which the Court granted on the same day. *See*

1



ECF 49 and 50.

5. On April 6, 2017, the government filed a consent motion for continuance and exclusion of time pursuant to 18 U.S.C. § 3161(h)(7). *See* ECF 51. The same day, the Court entered an order excluding all time from February 14, 2017, through June 30, 2017, from calculation under the Speedy Trial Act. *See* ECF 52.

6. On May 11, 2017, the government filed a consent motion for a protective order governing classified information pursuant to CIPA Section 3. *See* ECF 54. The Court entered the proposed protective order on May 12, 2017. *See* ECF 55.

7. On June 5, 2017, the Court entered an order extending the government's deadline for any *ex parte* filing under CIPA Section 4 and Rule 16(d)(1) to September 15, 2017. *See* ECF 57.

8. On June, 30 2017, the government filed a consent motion for continuance and exclusion of time pursuant to 18 U.S.C. § 3161(h)(7). *See* ECF 58. On July 6, 2017, the Court entered an order excluding all time from June 30, 2017, through September 15, 2017, from calculation under the Speedy Trial Act. *See* ECF 59.

9. On September 7, 2017, the Court entered an order extending the government's deadline for any *ex parte* filing under CIPA Section 4 and Rule 16(d)(1) to December 15, 2017. *See* ECF 63.

10. The Speedy Trial Act provides: "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1).

11.     The Act excludes from calculation of the speedy trial date any "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." 18 U.S.C. § 3161(h)(1)(D).

12.     The Act also excludes "any period of delay resulting from a continuance granted . . . at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Among the factors a court must consider in granting such a motion is whether failure to grant a continuance would result in a "miscarriage of justice" or "deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. §§ 3161(h)(7)(B)(i) & (iv).

13.     In the instant case, trial must commence within seventy days of the defendant's initial appearance, which was held on February 14, 2017, absent an exclusion under the Speedy Trial Act, such as a pending pretrial motion or an order from the Court granting a continuance and excluding additional time.

14.     Based on the foregoing, the parties submit that the ends of justice will be served by a reasonable continuance of the original speedy trial date and that a continuance outweighs the interests of the defendant and of the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A).   As detailed above, the grounds for a reasonable continuance include (1) the need for additional time for the parties to file motions and responses thereto pursuant to CIPA, and for the Court to rule on any such motions; and (2) the need to allow time for the defendant's counsel to receive and review

3

discovery.

7.      For the foregoing reasons, the government requests, with defense counsel's consent, that this Court grant a continuance until December 15, 2017, and exclude the time between September 15, 2017, and December 15, 2017, in computing the time within which trial must commence under the Speedy Trial Act. A proposed order is attached for the Court's review.

Respectfully submitted,

Stephen M. Schenning
Acting United States Attorney

By:       _____/s/_____

Harvey E. Eisenberg
Assistant United States Attorney
Chief, National Security Section

_____/s/_____

Zachary A. Myers
Nicolas A. Mitchell
Assistant United States Attorneys
36 South Charles St., 4th Floor
Baltimore, Maryland 21201
Tel.: (410) 209-4800

_____/s/_____

David C. Aaron
Trial Attorney
National Security Division
U.S. Department of Justice

SO ORDERED, on Monday, September 18, 2017.

_____/s/_____
Marvin J. Garbis
United States District Judge

4