**OFFICE OF THE FEDERAL PUBLIC DEFENDER**
**DISTRICT OF MARYLAND**
NORTHERN DIVISION
TOWER II, 9TH FLOOR
100 SOUTH CHARLES STREET
BALTIMORE, MARYLAND 21201-2705
TEL: (410) 962-3962
FAX: (410) 962-0872

JAMES WYDA
FEDERAL PUBLIC DEFENDER

DEBORAH L. BOARDMAN
FIRST ASSISTANT FEDERAL PUBLIC DEFENDER

SHARI SILVER DERROW
ASSISTANT FEDERAL PUBLIC DEFENDER

**VIA CM/ECF**

October 19, 2018

The Honorable Richard D. Bennett
United States District Court
  for the District of Maryland
101 West Lombard Street
Baltimore, Maryland 21201

>   Re:  United States v. Harold T. Martin, III, RDB-17-069
>         Reply in Support of Request for Classification Guides

Dear Judge Bennett:

  We write this brief reply in support of our request under CIPA Section 4 for the production of the classification guides governing the twenty documents charged in the indictment. The government, in its opposition, ignores the "relevant" and "helpful" standard for discoverability of classified information under Section 4, a standard that the defense clearly has met here. The government also failed to respond to the fact that its own expert witnesses at trial will rely on and testify about the very classification guides that it is withholding from the defense. The Court cannot countenance the government's position.

  The classification guides will be relied on and referred to by the government's eleven expert witnesses, who, according to the government's expert witness disclosure, will be testifying at trial about "the classification levels of Documents A through R when they were produced and when they were seized." See Gov't Expert Witness Disclosure at 4-7 (attached hereto as Ex. A) (filed under seal). The experts' testimony will necessarily require them to review and refer to the classification guides for Documents A through R. The government does not dispute this fact. Nor can it. Federal Rule of Evidence 705 requires the disclosure of the classification documents. Rule 705 provides, in part, that "an expert . . . may be required to disclose [the facts or data underlying her opinion] on cross-examination." Here, there is no dispute that the classification guides are "facts" or "data" underlying the government experts' opinion. We cannot possibly challenge the government's expert witness testimony – pretrial in a Daubert motion or at trial on cross-examination – without having pretrial access to the classification guides that will form the basis of the testimony. For this reason alone, the government must produce the classification guides to the defense now.

The Honorable Richard D. Bennett
<u>United States v. Harold T. Martin</u>, RDB-17-069
October 19, 2018
Page 2

In its opposition, the government ignored the argument in the preceding paragraph entirely, and instead, it argued that we are not entitled to the classification guides because we cannot challenge the basis for the documents' classification and allowing us to do so would result in mini-trials. This argument misses the point.

We are not interested in conducting mini-trials about <u>the basis</u> for the intelligence agencies' decisions to classify certain information. At trial, we will contest the assertion that a document was, in fact, classified. This is an assertion the government will attempt to prove at trial. <u>See</u> Gov't Resp., ECF No. 138, at 2 ("<u>the fact and level of classification</u> of the documents underlying the Indictment provide compelling proof of elements of the [charged] crime, such as the fact that the documents were 'closely held.'") (emphasis added). We must attempt to disprove that factual assertion. Indeed, we are obligated to challenge the government's evidence on an element of the offense. To do so, we need the classification guides that determine whether the information contained in the document is classified. Without the guides, we are left defenseless against this powerful and damning government assertion and will have no means with which to challenge the evidence on which Mr. Martin may be convicted.

In deciding whether evidence meets the relevant and helpful standard under CIPA Section 4, the Court must place itself "in the shoes of defense counsel . . . and act with a view to their interests." <u>United States v. Amawi</u>, 695 F.3d 457, 471 (6th Cir. 2012). At this point, we have established that the guides are "relevant" and "helpful" to the government's evidence and to our defense. Whether the classification guides, in whole or in part, see the light of day at a public trial is a separate question that will be answered in a few months during Sections 5 and 6 of the CIPA process.

The Court should order the government to promptly produce the relevant classification guides for the twenty charged documents and any other documents the government will claim at trial are classified. We thank the Court for its attention to this matter.

Respectfully,

/s/

James Wyda
Deborah L. Boardman
Shari Silver Derrow